**Matthew S. Parmet** (TX Bar # 2406719)
(*seeking admission pro hac vice*)
matt@parmet.law
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Maria Robinson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa County Special Health Care District d/b/a Valleywise Health,<br><br>Defendant. | Case No. _____<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>Jury Trial Demanded |

### SUMMARY

1.  Like many other organizations across the United States, Maricopa County Special Health Care District d/b/a Valleywise Health's ("Valleywise Health") timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2.  That hack led to problems in timekeeping and payroll throughout Valleywise Health's organization.

3.  As a result, Valleywise Health's workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were not paid their proper overtime premium on time, if at all, for all overtime hours worked after the onset of the Kronos hack.

4.  Maria Robinson is one such Valleywise Health worker.

5.  Valleywise Health could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6.  Instead, Valleywise Health pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

7.  Valleywise Health made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

8.  After significant delay, Valleywise Health made payment of some of these outstanding wages. However, portions of these earned wages remain unpaid.

9.  Valleywise Health's failure to pay wages, including proper overtime, on time and in full for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10. Valleywise Health's failure to pay wages, including proper overtime, on time and in full for all hours worked to its workers in Arizona violates the Arizona Wage Act, ARS 23-350 *et seq.*

11. Robinson brings this lawsuit to recover these unpaid overtime wages and other damages owed by Valleywise Health to her and Valleywise Health's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Valleywise Health's decision to make its own non-exempt employees workers bear the economic burden for the hack.

12. This action seeks to recover the unpaid wages and other damages owed by Valleywise Health to all these workers, along with the penalties, interest, and other remedies provided by federal and Arizona law.

## JURISDICTION & VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Valleywise Health is headquartered in this District.

16. Robinson worked for Valleywise Health in this District.

17. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

18. Plaintiff Maria Robinson is a natural person.

19. Robinson was, at all relevant times, an employee of Valleywise Health.

20. Robinson worked for Valleywise Health from October 2021 to February 2022.

21. During and after December 2021, Robinson performed work for Valleywise Health in Arizona.

22. Robinson represents at least two groups of similarly situated Valleywise Health workers.

23. Robinson represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Valleywise Health who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

24. Robinson represents a class of similarly situated employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Wage Class" is defined as:

> **All current or former non-exempt employees of Valleywise Health who worked in Arizona at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

25. Throughout this Complaint, the FLSA Collective and Arizona Wage Class members are referred to jointly as the "Similarly Situated Workers."

26. Defendant Maricopa County Special Health Care District d/b/a Valleywise Health ("Valleywise Health") is a political subdivision of the State of Arizona. ARS §§ 48-5501 *et seq.*

27. Valleywise Health is subject to suit. ARS § 48-5541(2).

28. Valleywise Health's headquarters are in Maricopa County, Arizona.

29. Valleywise Health may be served by service upon any of its officers, directors, managing agetns, or general agents at **2601 E. Roosevelt St., Phoenix, AZ 85008**, or by any other method allowed by law

### COVERAGE UNDER THE FLSA

30. At all relevant times, Valleywise Health was an employer of Robinson within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31. At all relevant times, Valleywise Health was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. Valleywise Health was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33. During at least the last three years, Valleywise Health has had gross annual sales in excess of $500,000.

34. Valleywise Health was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

35. Valleywise Health employs many workers, including Robinson, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

36. The goods and materials handled, sold, or otherwise worked on by Robinson and other Valleywise Health employees and that have been moved in interstate commerce include, but are not limited to, office supplies, computers, telephones, prescription and non-prescription medical supplies and equipment, and pharmaceuticals.

37. The activities performed by Robinson and other Valleywise Health employees were in connection with the operation of Valleywise Health's hospitals. 29 U.S.C. § 203(r)(2)(A).

## FACTS

38. Valleywise Health is a healthcare system operating in and around Phoenix.

39. Many of Valleywise Health's employees are non-exempt hourly and salaried workers.

40. Since at least 2021, Valleywise Health has used timekeeping software and hardware operated and maintained by Kronos.

41. On or about December 11, 2021, Kronos was hacked with ransomware.

42. The Kronos hack interfered with the ability of its customers, including Valleywise Health, to use Kronos's software and hardware to track hours and pay employees.

43. For at least a portion of time following the Kronos hack, Valleywise Health failed to keep accurate track of the hours that Robinson and Similarly Situated Workers worked.

44. Instead, Valleywise Health has used various methods to estimate the number of hours Robinson and Similarly Situated Workers work in each pay period.

45. For example, Valleywise Health issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

46. As a result of Valleywise Health's failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

47. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

48. Robinson is one of the thousands of employees affected by these pay and timekeeping practices.

49. Instead of paying Robinson for the hours she actually worked (including overtime hours), Valleywise Health simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Robinson's actual hours worked and regular pay rates, in multiple workweeks.

50. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

51. Valleywise Health knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

52. Valleywise Health knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

53. Valleywise Health could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

54. Instead of accurately tracking hours and paying employees their overtime, Valleywise Health decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

55. It was feasible for Valleywise Health to have its employees and managers report accurate hours so they could be timely paid the full and correct amounts of money they were owed for the work they did for the company.

56. But Valleywise Health chose not to do that.

57. In other words, Valleywise Health pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

58. Robinson is just one of the many Valleywise Health employees who had to shoulder the burden of this decision by Valleywise Health.

59. Robinson was a non-exempt hourly employee of Valleywise Health.

60. Robinson regularly worked over 40 hours per week for Valleywise Health.

61. Robinson's normal, pre-Kronos hack hours are reflected in Valleywise Health's records.

62. Since the Kronos hack, Valleywise Health has not paid Robinson on time, if at all, for her actual hours worked each week.

63. Since the hack took place, Valleywise Health has not been accurately recording the hours worked by Robinson and its other workers.

64. Valleywise Health was aware of the overtime requirements of the FLSA.

65. Valleywise Health nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Robinson.

66. Valleywise Health's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

67. The full overtime wages owed to Robinson and the Similarly Situated Workers became "unpaid" when the work for Valleywise Health was done—that is, on Robinson and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

68. At the time Valleywise Health failed to pay Robinson and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Valleywise Health became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under the law.

69. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

70. Any payment made by Valleywise Health to Robinson or the Similarly Situated Workers that Valleywise Health may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

71. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

72. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Valleywise Health's acts and omissions resulting in the unpaid wages in the first place.

73. Robinson and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Valleywise Health under federal and Arizona law.

## COLLECTIVE ACTION ALLEGATIONS

74. Numerous individuals were victimized by Valleywise Health's patterns, practices, and policies, which are in willful violation of the FLSA.

75. Based on her experiences and tenure with Valleywise Health, Robinson is aware that Valleywise Health's illegal practices were imposed on the FLSA Collective.

76. The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

77. These employees are victims of Valleywise Health's unlawful compensation practices and are similarly situated to Robinson in terms of the pay provisions and employment practices at issue regarding the FLSA Collective.

78. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

79. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

80. Valleywise Health's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

81. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

82. Robinson incorporates all other allegations.

83. The illegal practices Valleywise Health imposed on Robinson were likewise imposed on the Arizona Wage Class members.

84. Numerous other individuals who worked for Valleywise Health were were not properly compensated for all hours worked, as required by Arizona law.

85. The Arizona Wage Class is so numerous that joinder of all members of the class is impracticable.

86. Valleywise Health imposed uniform practices and policies on Robinson and the Arizona Wage Class members regardless of any individualized factors.

87. Based on her experience and tenure with Valleywise Health, as well as coverage of the Kronos hack, Robinson is aware that Valleywise Health's illegal practices were imposed on the Arizona Wage Class members.

88. Arizona Wage Class members were all not paid their proper overtime on time, if at all, when they worked in excess of 40 hours per week.

89. Valleywise Health's failure to pay wages and overtime compensation in accordance with Illinois law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Illinois Class members.

90. Valleywise Health's failure to pay proper wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Arizona Wage Class members.

91. Robinson's experiences are therefore typical of the experiences of the Arizona Wage Class members.

92. Robinson has no interest contrary to, or in conflict with, the members of the Arizona Wage Class. Like each member of the proposed class, Robinson has an interest in obtaining the unpaid wages and other damages owed under the law.

93. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

94. Absent this action, many Arizona Wage Class members likely will not obtain redress of their injuries and Valleywise Health will reap the unjust benefits of violating Arizona law.

95. Furthermore, even if some of the Arizona Wage Class members could afford individual litigation against Valleywise Health, it would be unduly burdensome to the judicial system.

96. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

97. The questions of law and fact common to each of the Arizona Wage Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Robinson and the Arizona Wage Class Members were paid all nondiscretionary compensation due to them in return for the work done for Valleywise Health;

    b. Whether Valleywise Health's pay scheme, which failed to compensate Robinson and the Arizona Wage Class members at least 1.5x their regular rate of pay for overtime hours worked, resulted in the nonpament of wages due and owing to the to

        Robinson and the Arizona Wage Class Members under the Arizona Wage Act;

   c.    Whether Valleywise Health knowingly benefitted at the expense of Robinson and the Arizona Wage Class Members; and

   d.    Whether allowing Valleywise Health to retain the benefit it obtained at the expense of Robinson and the Arizona Wage Class Members would be unjust.

98. Robinson's claims are typical of the claims of the respective Arizona Wage Class members. Robinson and the Arizona Wage Class members have all sustained damages arising out of Valleywise Health's illegal and uniform employment policies.

99. Robinson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

100. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

**FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA
AS TO ROBINSON AND THE FLSA COLLECTIVE**

101. Robinson incorporates the allegations set forth in paragraphs 1 to 100.

102. By failing to pay Robinson and the FLSA Collective members overtime at 1.5 times their regular rates when the payments were due, Valleywise Health violated the FLSA. 29 U.S.C. § 207(a).

103. Valleywise Health owes Robinson and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

104. Likewise, Valleywise Health owes Robinson and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

105. Valleywise Health knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

106. Because Valleywise Health knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Valleywise Health owes these wages for at least the past three years.

107. Valleywise Health's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

108. Because Valleywise Health's decision not to pay overtime was not made in good faith, Valleywise Health also owes Robinson and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

109. Accordingly, Robinson and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—VIOLATIONS OF THE ARIZONA WAGE ACT AS TO ROBINSON AND THE ARIZONA WAGE CLASS**

110. Robinson incorporates the allegations set forth in paragraphs 1 to 100.

111. The conduct alleged in this Complaint violates the Arizona Wage Act, ARS 23-350 *et seq.*

112. Valleywise Health was and is an "employer" within the meaning of the Arizona Wage Act. ARS § 23-350(3).

113. At all relevant times, Valleywise Health employed Robinson and each other Arizona Wage member as "employees" within the meaning of the Arizona Wage Act. ARS § 23-350(2).

114. Robinson and the other Arizona Wage Class members were required by law to be paid nondiscretionary compensation for all labor and services provided to Valleywise Health. ARS § 23-350(7).

115. Robinson and the other Arizona Wage Class members had a reasonable expectation Valleywise Health would pay them wages for all labor and services provided to Valleywise Health. ARS § 23-350(7).

116. Robinson and the other Arizona Wage Class members had a reasonable expectation Valleywise Health would pay them wages as required by the FLSA.

117. Robinson and the other Arizona Wage Class members had a reasonable expectation Valleywise Health would pay them wages as required by federal law.

118. Robinson and the other Arizona Wage Class members had a reasonable expectation Valleywise Health would pay them wages as required by Arizona law.

119. Robinson and the other Arizona Wage Class members had a reasonable expectation Valleywise Health would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

120. Within the applicable limitations period, Valleywise Health had a policy and practice of failing to pay proper overtime to the Arizona Wage Class members for their hours worked in excess of 40 hours per week.

121. The wages owed to Robinson and each other Arizona Wage member were due to be paid not later than 16 days after the end of the of the most recent pay period. ARS § 23-351(C)(3).

122. The wages and overtime owed to Robinson and each other Arizona Wage member who left the employment of Valleywise Health were due to be paid not later

seven days after termination, or at the end of the next regular pay period. ARS § 23-353(A)-(B).

123. The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by state or federal law, or the employee has authorized the withholding in writing. ARS § 23-352.

124. Valleywise Health was not required under Arizona or federal law to withhold the wages due to Robinson and the Arizona Wage Class members.

125. Valleywise Health was not empowered under Arizona or federal law to withhold the wages due to Robinson and the Arizona Wage Class members.

126. Neither Robinson nor the Arizona Wage Class members authorized Valleywise Health to withhold the wages due to them.

127. Valleywise Health has not paid the wages to Robinson and the other Arizona Wage Class Member.

128. As a result of Valleywise Health's failure to pay all nondiscretionary compenstion to Robinson and the Arizona Wage Class Members, Valleywise Health violated the Arizona Wage Act.

129. Robinson and the Arizona Wage Class members are entitled to recover all unpaid wages, treble damages, attorney's fees, and costs. ARS § 23-355(A).

**THIRD CAUSE OF ACTION—UNJUST ENRICHMENT
AS TO ROBINSON AND THE ARIZONA WAGE CLASS**

130. Robinson incorporates the allegations set forth in paragraphs 1 to 100.

131. Valleywise Health's acts and omissions in failing to pay earned wages to Robinson and the Arizona Wage Class members was done knowingly, willfully, or with reckless disregard of the rights of Robinson and the Arizona Wage Class members.

132. As a result of its unlawful acts and omissions, Valleywise Health received substantial benefit in the form of financial compensation that rightfully belonged to Robinson and the Arizona Wage Class members.

133. It would be unjust to allow Valleywise Health to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Robinson and the Arizona Wage Class members the wages they were entitled to under Arizona law.

134. Valleywise Health has been unjustly enriched by its unlawful acts and omissions.

135. Robinson and the Arizona Wage Class members are entitled to recover for Valleywise Health's unjust enrichment, including restitution and penalties.

136. Robinson and the Arizona Wage class are entitled to recover attorneys' fees and costs.

137. Robinson and the Arizona Wage Class members are entitled to exemplary damages due to Valleywise Health's unjust enrichment.

138. A constructive trust should be imposed on Valleywise Health, and the Court should sequester any benefits or money wrongfully received by Valleywise Health at the expense of Robinson and the Arizona Wage Class members.

## RELIEF SOUGHT

Robinson prays for judgment against Valleywise Health as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order certifying a class action for the Arizona law claims;

    c. For an order finding Valleywise Health liable for violations of federal wage laws with respect to Robinson and all FLSA Collective members covered by this case;

d. For an order finding Valleywise Health liable for violations of Arizona wage laws with respect to Robinson and all Arizona Wage Class members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Robinson and all FLSA Collective members covered by this case;

f. For a judgment awarding all unpaid wages, liquidated damages, and penalties to Robinson and all Arizona Wage Class members covered by this case;

g. For an order finding Valleywise Health was unjustly enriched by its violations of Arizona law with respect to Robinson and all Arizona Wage Class members covered by this case;

h. For an order imposing a constructive trust on Valleywise Health and sequestering the benefits and monies that it wrongfully obtained at the expense of Robinson and the Arizona Wage Class members;

i. For an order for an accounting and awarding restitution, penalties, and exemplary damages to Robinson and all Arizona Wage Class members covered by this case;

j. For a judgment awarding attorneys' fees to Robinson and FLSA Collective and Arizona Wage Class members covered by this case;

k. For a judgment awarding costs of this action to Robinson and all FLSA Collective and Arizona Wage Class members covered by this case;

l.   For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Robinson and all FLSA Collective and Arizona Wage Class members covered by this case; and

m.   For all such other and further relief as may be necessary and appropriate.

Date: June 1, 2022

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**
**PARMET PC**

**Attorneys for Plaintiff**

## JURY DEMAND

Robinson demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**